HUMAN RESOURCES
13 DEC 23 PM 1: 12

Electronically Filed 11/27/2013 02:15:38 PM ET

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

EDITH D. NASH,

    Plaintiff,

Case No. 13-CA 3254

vs.

PUBLIX SUPER MARKETS, INC.,

    Defendant.
_____/

## Summons

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**PUBLIX SUPER MARKETS, INC.**
c/o John A. Attaway, Jr., Registered Agent
3300 Publix Corporate Parkway
Lakeland, FL 33811-3311

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on December 3, 2013.

BOB INZER
CLERK OF THE CIRCUIT COURT

By: _____
    Deputy Clerk

**EXHIBIT A**

DATE RECEIVED
DEC 23 2013
PUBLIX LEGAL DEPT.

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

EDITH D. NASH,

    Plaintiff,

CASE NO.: 13-CA- 3254
FLA BAR NO.: 0739685

vs.

PUBLIX SUPERMARKETS
INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, EDITH D. NASH hereby sues Defendant, PUBLI SUPERMARKETS, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, and 42 U.S.C. §12101 et seq.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, EDITH D. NASH has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her disability.

4. At all times pertinent hereto, Defendant, PUBLIX SUPERMARKETS, INC., has been organized and existing under the laws of the State of Florida and conducted business in

1

Tallahassee, Leon County, Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began employment with Defendant on or about November 1, 2008, and held a position as a cashier/clerk.

7. Plaintiff was subjected to disparate treatment based on her disability by Team Lead Michael Black, Store Manager Chip Seale, Customer Service Manager Jahna Hughes, and by employee Chaqua Kitt.

8. Defendant is aware that Plaintiff suffers from ADHD and bipolar disorder, and the employees identified above treated Plaintiff with disdain and worse than similarly situated employees who do not suffer from these disabilities.

9. For example, these managers mocked Plaintiff and her medical condition in front of customers and other employees, needlessly criticized her for violations other employees committed but were not punished, and threw objects at her. Further, these managers hid Plaintiff's pay stubs, and threatened to terminate her when she asked to speak to Store Manager Seale. Plaintiff was given fewer hours than similarly situated employees, and was not promoted because of her disability.

10. Though Plaintiff was complimented regularly by customers, and exceeded sales initiatives, she was terminated on or about August 26, 2011, for allegedly having too many customer complaints. Additionally, though other employees have committed violations that actually warrant termination, several of these employees are rehired. Plaintiff was not given this

2

opportunity.

11.   Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §12101 et seq..

## COUNT I
## DISABILITY DISCRIMINATION

12.   Paragraphs 1-11 are re-alleged and incorporated herein by reference.

13.   This is an action against Defendant for disability discrimination.

14.   Plaintiff has been the victim of discrimination on the basis of her disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated employees who were not disabled.

15.   Defendant is liable for the differential treatment of Plaintiff which differential treatment adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

16.   In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

17.   The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

18.   Defendant's conduct and omissions constitutes intentional discrimination and

unlawful employment practices based upon disability.

19.  As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 21st day of November 2013.

                                                  Respectfully submitted,

                                                  /s/ Marie A. Mattox
                                                  Marie A. Mattox
                                                  MARIE A. MATTOX, P.A.
                                                  310 East Bradford Road
                                                  Tallahassee, FL 32303
                                                  (850) 383-4800 (telephone)
                                                  (850) 383-4801 (facsimile)
                                                  Marie@mattoxlaw.com
                                                  shay@mattoxlaw.com
                                                  michelle@mattoxlaw.com

                                                  ATTORNEYS FOR PLAINTIFF